## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.

CIVIL DIVISION 03 - 60232

JEM-MARTINEZ

MAGISTRATE JUDGE
DUBÉ

JOSEPH BODMANN, on behalf
of himself and all others
similarly situated,

     Plaintiff,

v.

CENTURY SERVICE SYSTEMS, INC., a
Florida corporation, KENNETH BROWN and
GARY GOODMAN,

     Defendants.

_____/

## COMPLAINT

Plaintiff brings this action under the Fair Labor Standards Act of 1938, as amended (29 USC § 201 et seq.), hereinafter "the Act," on behalf of himself and other similarly situated employees, to recover unpaid back wages, unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorney's fees and costs.

1. Jurisdiction of this action is conferred by Section 16(b) of the Act (29 USC 216(b)).

2. Defendant CENTURY SERVICE SYSTEMS, INC. ("CENTURY") at all times hereinafter mentioned has been a Florida corporation having a place of business and doing business at 3175 SW 10th Street, Deerfield Beach, Broward County, Florida, where it has been engaged in the operation of a maintenance company.



3. At all times hereinafter mentioned, Defendant CENTURY having been engaged in related activities performed through unified operation or common control for a common business purpose; having employees engaged in commerce or in the production of goods for commerce, or employees handling, receiving, or otherwise working on goods or materials that have been moved in or produced for commerce; or using instrumentalities of commerce and having annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated), therefore constitutes an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(r) and (s) of the Act (29 USC § 203(r) and (s)).

4.    At all times hereinafter mentioned, Defendant CENTURY employed employees, including Plaintiff who were regularly engaged in handling, receiving, selling or otherwise working with machinery, materials and goods moved in or produced for commerce and other activities involving interstate commerce. Such employees, therefore, have been engaged in commerce within the meaning of Section 3(b) and (j); respectively, of the Act (29 USC § 203(b) and (j)).

5.   During the period from approximately December 14, 1998 to November 14, 2002, Defendant CENTURY employed Plaintiff Bodmann in the aforesaid enterprise for workweeks longer than 40 hours and failed to compensate him for his employment in excess of 40 hours per week at a rate of at least one-half(½) and/or one and one-half(1½) times the regular rate at which he was employed, contrary to the requirements of Section 7 of the Act (29 USC § 207), and failed to pay him the applicable minimum hourly rate contrary to the requirements of Sections 6 and 15 (a)(2) of the Act (29 USC § 206 and 15 (a)(2)).

6.   As a result of the underpayments of wages alleged above, Defendant CENTURY is

indebted to Plaintiff Bodmann for unpaid minimum wages and overtime compensation and back pay. The complete records concerning the number of hours worked by Plaintiff Bodmann the compensation he received in workweeks in which excess hours were worked, and the basis upon which his wages were calculated are in the exclusive possession and under the sole custody and control of the Defendant CENTURY.

7. As a result of the underpayment of wages alleged above, Plaintiff Bodmann estimates that Defendant CENTURY is indebted to Plaintiff in the minimum amount of $17,722.50, which amount Defendant CENTURY has refused to pay. This is only an estimate of the wages owed to Plaintiff Bodmann. Upon receipt of discovery from Defendant, Plaintiff will calculate the actual total damages due.

8. Pursuant to Section 16(b) of the Act, Plaintiff Bodmann is entitled to the recovery of a reasonable attorney's fee.

WHEREFORE, Plaintiff demands judgment against Defendant CENTURY for a minimum estimate of $17,722.50, an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and a trial by jury of all issues.

## COUNT II
### (Bodmann v. Kenneth Brown)

9. Plaintiff repeats the allegations of paragraphs 1 through 7.

10. Defendant Kenneth Brown is an officer of Century, actively in the business and exercised control over the functions of the employees.

11. As a result of the underpayment of wages alleged above, Plaintiff Bodmann calculates that Defendant Kenneth Brown is indebted to Plaintiff in the total amount of $17,722.50, which amount Defendant Kenneth Brown has refused to pay.

12. Pursuant to Section 16(b) of the Act, Plaintiff Bodmann is entitled to the recovery of a reasonable attorney's fee.

WHEREFORE, Plaintiff demands judgment against Defendant Kenneth Brown for a minimum estimate of $17,722.50, an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and a trial by jury of all issues.

## COUNT III
### (Bodmann v. Gary Goodman)

13. Plaintiff repeats the allegations of paragraphs 1 through 7.

14. Defendant Gary Goodman participated in the business and exercised control over the functions of the employees.

15. As a result of the underpayment of wages alleged above, Plaintiff Bodmann calculates that Defendant Gary Goodman is indebted to Plaintiff in the total amount of $17,722.50, which amount Defendant Gary Goodman has refused to pay.

16. Pursuant to Section 16(b) of the Act, Plaintiff Bodmann is entitled to the recovery of a reasonable attorney's fee.

WHEREFORE, Plaintiff demands judgment against Defendant Gary Goodman for a minimum estimate of $17,722.50, an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and a trial by jury of all issues.

## COUNT IV
### (Bodmann v. Century - Retaliation)

17. Plaintiff repeats the allegations of paragraphs 1 through 7.

18. Plaintiff Bodmann made a complaint to his superior about not being properly paid overtime for the hours he worked. Plaintiff Bodmann did not file an official complaint with the Wage and Hour Division concerning this back pay. Rather he made this unofficial complaint to his superior. This unofficial complaint resulted in plaintiff being fired.

19. Plaintiff Bodmann is entitled under the Fair Labor Standards Act to be paid for the hours he worked and is entitled to be paid time and a half for all hours in excess of forty (40) hours per week, and is entitled to complain to his employer when he does not receive back pay and overtime wages. This activity is protected under the Fair Labor Standards Act, 29 USC §215(a)(3).

20. Plaintiff was retaliated against by defendant because after complaining about his back pay defendant fired him. This action was a violation of the Fair Labor Standards Act, 29 USC §215(a)(3).

21. Pursuant to §216(b) of the Act, plaintiff Bodmann is entitled to the recovery of a reasonable attorneys fees and costs.

WHEREFORE, plaintiff Bodmann demands judgment against defendant Century for his back pay and overtime, lost wages, an additional amount as liquidated damages, reinstatement and attorneys fees and costs and a trial by jury of all issues.

## COUNT V
### (Bodmann v. Brown - Retaliation)

22. Plaintiff repeats the allegations of paragraphs 1 through 7 and 10 through 12.

23. Plaintiff Bodmann made a complaint to his superior about not being properly paid

overtime for the hours he worked. Plaintiff Bodmann did not file an official complaint with the Wage and Hour Division concerning this back pay. Rather he made this unofficial complaint to his superior. This unofficial complaint resulted in plaintiff being fired.

24. Plaintiff Bodmann is entitled under the Fair Labor Standards Act to be paid for the hours he worked and is entitled to be paid time and a half for all hours in excess of forty (40) hours per week, and is entitled to complain to his employer when he does not receive back pay and overtime wages. This activity is protected under the Fair Labor Standards Act, 29 USC §215(a)(3).

25. Plaintiff was retaliated against by defendant because after complaining about his back pay defendant fired him. This action was a violation of the Fair Labor Standards Act, 29 USC §215(a)(3).

26. Pursuant to §216(b) of the Act, plaintiff Bodmann is entitled to the recovery of a reasonable attorneys fees and costs.

WHEREFORE, plaintiff Bodmann demands judgment against defendant Century for his back pay and overtime, lost wages, an additional amount as liquidated damages, reinstatement and attorneys fees and costs and a trial by jury of all issues.

### COUNT VI
### (Bodmann v. Goodman - Retaliation)

27. Plaintiff repeats the allegations of paragraphs 1 through 7 and 14 through 16.

28. Plaintiff Bodmann made a complaint to his superior about not being properly paid overtime for the hours he worked. Plaintiff Bodmann did not file an official complaint with the Wage and Hour Division concerning this back pay. Rather he made this unofficial complaint to his superior. This unofficial complaint resulted in plaintiff being fired.

29. Plaintiff Bodmann is entitled under the Fair Labor Standards Act to be paid for the hours he worked and is entitled to be paid time and a half for all hours in excess of forty (40) hours per week, and is entitled to complain to his employer when he does not receive back pay and overtime wages. This activity is protected under the Fair Labor Standards Act, 29 USC §215(a)(3).

30. Plaintiff was retaliated against by defendant because after complaining about his back pay defendant fired him. This action was a violation of the Fair Labor Standards Act, 29 USC §215(a)(3).

31. Pursuant to §216(b) of the Act, plaintiff Bodmann is entitled to the recovery of a reasonable attorneys fees and costs.

WHEREFORE, plaintiff Bodmann demands judgment against defendant Century for his back pay and overtime, lost wages, an additional amount as liquidated damages, reinstatement and attorneys fees and costs and a trial by jury of all issues.

VASSALLO & BILOTTA

BY: _____

JOSEPH BILOTTA, ESQUIRE
1680 S. Congress Avenue
Suite #201
Palm Springs, FL 33461
(561) 432-1994
Florida Bar #: 0881414

I, JOSEPH BODMANN, consent to being named as a plaintiff in this action.

_____
JOSEPH BODMANN

Page 7 of 7

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET — 60232

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I.(a) PLAINTIFFS

JOSEPH BODMANN, on behalf of himself and all others similarly situated

## DEFENDANTS   CIV-MARTINEZ

CENTURY SERVICE SERVICES, INC., a Florida corporation, KENNETH BROWN and GARY GOODMAN

MAGISTRATE JUDGE
DUBE

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  **Broward**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   **Broward**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Joseph Bilotta, Esq., Vassallo & Bilotta
630 S. Congress Ave., #201, Palm Springs, FL 33461
(561) 432-1994

ATTORNEYS (IF KNOWN)

(d) CIRCLE COUNTY WHERE ACTION AROSE:   DADE,   MONROE,   BROWARD,   PALM BEACH,   MARTIN,   ST. LUCIE,   INDIAN RIVER,   OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | PERSONAL INJURY (TORTS) | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | B☐ 640 R.R. & Truck | A PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | B☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | A LABOR | B SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| A REAL PROPERTY | A CIVIL RIGHTS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| | | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | PRISONER PETITIONS | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | B☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | HABEAS CORPUS: | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | B☐ 530 General | A☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | A☐ 535 Death Penalty | | A OR B |
| ☐ 290 All Other Real Property | | B☐ 540 Mandamus & Other | | |
| | | B☐ 550 Civil Rights | | |
| | | B☐ 555 Prison Condition | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Fair Labor Standards Act of 1938, as amended (20 USC Section 201 et seq.)

LENGTH OF TRIAL via ___ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 17,722.50

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE  2/20/03

SIGNATURE OF ATTORNEY OF RECORD  *Joseph Bilotta*
Joseph Bilotta, Esquire, Florida Bar No. 0881414

FOR OFFICE USE ONLY

RECEIPT #  717755     AMOUNT  $150.00     APPLYING IFP  ___     JUDGE  MARTINEZ     MAG. JUDGE  Dube